UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

U.S. BANK NATIONAL ASSOCIATION,

       Plaintiff,                              CV 03-1150-HA

       v.                                    ORDER

JOHN HENRY BROWN, aka Mickey Brown;
LILI BROWN-ANDERSEN; and DALMA K.
FRANULOVIC,

       Defendants.

HAGGERTY, Judge:

       On March 16, 2005, plaintiff U.S. Bank (plaintiff) filed a Motion for Summary Judgment against defendant John Henry Brown (Brown) on the following three claims: (1) breach of contract; (2) fraud; and (3) violations of the Racketeering Influenced Corruption Act (RICO). On August 5, 2005, Brown filed a response brief that included a supporting declaration and unmarked exhibits. On September 1, 2005, Plaintiff filed a Motion to Strike portions of the supporting declaration and unmarked exhibits [122]. On March 1, 2006, this court granted

1 - ORDER

Plaintiff's Motion to Strike by minute order [134].[1]  Accordingly, this court now grants Plaintiff's Motion for Summary Judgment [87].

**BACKGROUND**

**The Merchant Agreement.**

Plaintiff, through its Merchant Payment Services division and its wholly owned subsidiary NOVA Information Systems, Inc., provides electronic payment-processing services for merchants accepting credit or debit cards.  Brown, along with his wife, Lili Anderson-Brown (Lili Brown), and defendant Dalma K. Franulovic (Franulovic), owned and operated a vacuum-cleaner distribution business under various business names, including Franulovic & Associates and The Kirby Co.

On May 14, 2001, plaintiff entered into a Merchant Agreement (the Agreement) with Franulovic & Associates, doing business as The Kirby Co (Kirby).  The Agreement incorporated plaintiff's Merchant Terms of Service.  Pursuant to the Agreement, plaintiff agreed to provide Kirby with electronic payment-processing services for customers using credit or debit cards. Kirby agreed that any sales draft tendered to plaintiff represented a bona fide obligation of the credit cardholder and that it would not submit sales drafts in the absence of a legitimate purchase by a cardholder.

///

Kirby also agreed that it would immediately pay plaintiff for any previously recorded

---

[1] On this date, the court also granted two additional Motions to Strike [129,132] filed in opposition to pleadings that Brown submitted well after the close of briefing in this matter.

2 - ORDER

sales that were reversed or "charged back" to Kirby. Kirby further agreed that plaintiff would be entitled to recover its reasonable attorney fees and costs incurred as a result of any breach of the Agreement.

**Brown's Scheme to Defraud Plaintiff.**

After Kirby's merchant account was established, Brown and his associates embarked on a scheme to defraud plaintiff. Using contacts from his vacuum-cleaner distributorship business as well as direct mail solicitation, Brown contacted individuals with a proposal for how they could make supplemental income each month. Brown asked these individuals to allow him the use of their credit cards. In exchange for such use, Brown would make the payments on their credit card bills and also pay them monthly interest of 1 to 2 percent of the outstanding credit card balances. Brown documented many of these loans with promissory notes from his finance company, American First Financial.

During approximately a two-year period, Brown and Franulovic processed over $4,000,000.00 in fraudulent credit card charges though Kirby's merchant account. None of the charges represented actual sales of vacuum cleaners or other goods and services. Among other things, Brown and his wife, Lili Brown, used the money obtained from these false sales to purchase real property that was placed in the names of Dalma Franulovic, Lili Brown, or various other family members and third parties.

///

///

3 - ORDER

**U.S. Bank Closes the Merchant Account.**

In late February 2003, plaintiff became aware of suspicious activity involving Kirby's merchant account and subsequently closed the account. Brown then began working with the cardholders to contest the credit card charges that Kirby had processed as legitimate merchandise sales and have those charges reversed. Brown and Franulovic submitted "credit slips" to the cardholders and their credit-issuing banks. Each credit slip stated that Kirby had not delivered the merchandise or that the customer had canceled his or her agreement to purchase merchandise. In fact, the customers had been lending money to Brown and had never purchased or expected to receive any merchandise.

As part of this process, Brown engaged an attorney, Phil Goldsmith, and provided the cardholders with advice obtained from Goldsmith on how to contest the credit card charges. Additionally, Brown provided sample rebuttal letters to the cardholders and, in certain cases, drafted rebuttal letters for the cardholders himself. Through this process, $4,241,941.00 in credit card charges were reversed.

**DISCUSSION**

Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the non-moving party must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

4 - ORDER

In this court, for purposes of a summary judgment motion, material facts set forth in the concise statement of the moving party are deemed admitted unless specifically denied or otherwise controverted by the opposing party. LR 56.1(f). The facts provided in plaintiff's Concise Statement of Material Facts are not controverted by Brown and are, therefore, deemed admitted. The undisputed facts of this case establish the following:

> 1) Kirby is in breach of the Agreement and is liable for the amount owing;
>
> 2) Brown is personally liable for breach of the Agreement as the owner (or co-owner) of Kirby when such breach occurred;
>
> 3) Brown engaged in a scheme to defraud Plaintiff by submitting sales drafts for non existent sales; and
>
> 4) While owner (or co-owner) of Kirby, Brown engaged in operation and management activities that constitute RICO violations.

Moreover, given the court's prior orders granting plaintiff's Motions to Strike, Brown's response fails to establish any genuine issue of material fact sufficient to withstand a grant of summary judgment in plaintiff's favor.[2] Therefore, the court finds that it is appropriate to grant plaintiff's Motion for Summary Judgment as to all claims.

///

///

---

[2] The court notes that defendant Brown's pleadings in opposition to the Motion for Summary Judgment also failed to establish a genuine issue of material fact absent the court's orders granting Plaintiff's Motions to Strike.

5 - ORDER

**CONCLUSION**

Plaintiff's Motion for Summary Judgment [87] is GRANTED. Accordingly, defendant Brown is ordered to pay plaintiff $12,725,823.00, plus interest, and reasonable attorney fees and costs incurred as a result of Brown's breach of the Agreement and the RICO violations.

IT IS SO ORDERED.

Dated this 1  day of March, 2006.


                                           /s/Ancer L.Haggerty

                                                  Ancer L. Haggerty
                                       United States District Judge