UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

U.S. BANK NATIONAL ASSOCIATION,
a national banking association,

       Plaintiff,                              Civil No. 03-1150-HA

     v.                                    OPINION AND ORDER

DALMA K. FRANULOVIC;
JOHN HENRY BROWN, aka Mickey Brown;
and LILI BROWN-ANDERSEN,

       Defendant.

HAGGERTY, Chief Judge:

       Plaintiff U.S. Bank National Association (U.S. Bank) brought this action against defendant Lili Brown-Andersen (Lili Brown) claiming breach of contract, violations of the Racketeering Influenced Corruption Act (RICO), and fraud. On October 12, 2006, defendant filed a Motion to Dismiss both the RICO and fraud claims [153]. Accordingly, the court took the motion under advisement and finds that oral argument is unnecessary. For the following reasons, Lili Brown's motion [153] is denied.

PAGE 1 - OPINION AND ORDER

**BACKGROUND**

For purposes of this motion, the court accepts plaintiff's factual allegations as true.

U.S. Bank, through its Merchant Payment Services division and its wholly-owned subsidiary Nova Information Systems, Inc., provides electronic payment-processing services for merchants who accept credit cards or debit cards. In May 2001, U.S. Bank entered into a Merchant Agreement (the Agreement) with defendants Lili Brown, Mickey Brown, and Dalma Franulovic (Franulovic), doing business as The Kirby Company (Kirby). The Agreement provided that U.S. Bank would provide Kirby with electronic payment-processing services when Kirby's customers used credit or debit cards. The Agreement incorporated U.S. Bank's Merchant Terms of Services (MTOS), which provided that Kirby would immediately pay U.S. Bank for any previously recorded sales that were reversed or charged back to Kirby. The Agreement also provided that U.S. Bank would be entitled to recover any reasonable attorney fees and costs incurred as a result of a breach of the Agreement.

U.S. Bank alleges that after Kirby's merchant account was established, defendant Lili Brown and her associates embarked on a scheme to defraud U.S. Bank. Lili Brown actively solicited individuals and small businesses to invest money in Kirby by making false vacuum cleaner purchases with credit cards. At Lili Brown's behest, instead of receiving a vacuum cleaner, the individuals and small businesses opted to "loan" the price of their fraudulent vacuum cleaner purchases to Lili Brown in exchange for her promise to repay the loans with interest. Following these purchases, Lili Brown also requested the same individuals and small businesses to have their fraudulent vacuum cleaner charges reversed or charged back to Kirby. Many of the individuals and small businesses obliged. In breach of the Agreement with U.S. Bank, Kirby has withheld and failed to reimburse U.S. Bank a total of $4,241,941.60 in chargebacks.

**STANDARDS**

PAGE 2 - OPINION AND ORDER

## A. Rule 9(b)

When a complaint incorporates allegations of fraud, Rule 9(b) obligates the plaintiff to plead with a heightened degree of particularity. Failure to plead with particularity is grounds for dismissal. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To clear this hurdle, plaintiff must provide details "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001). In the Ninth Circuit, Rule 9(b) has been read to require an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).

## B. Rule 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserts that a plaintiff has failed "to state a claim upon which relief can be granted." "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1959 (2007) (citations, internal quotation marks omitted). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. It remains true that for the purposes of a motion to dismiss, the challenged complaint is construed liberally in favor of the plaintiff, and all factual allegations set forth in that complaint are to be accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

PAGE 3 - OPINION AND ORDER

**ANALYSIS**

Lili Brown challenges the Complaint against her on multiple grounds. She alleges that U.S. Bank failed to plead both its RICO and fraud claims with the particularity required under Rule 9(b). She also claims that U.S. Bank failed generally to plead the required elements of its RICO claim. Finally, she asserts that U.S. Bank's fraud claim should be dismissed because Oregon state law prevents recovery in tort when a claim in contract concerning the same activity is brought simultaneously.

### A. Rule 9(b) Particularity

Lili Brown claims that U.S. Bank failed to plead with particularity its RICO and fraud claims as required by Rule 9(b). Specifically, defendant argues that plaintiff's Complaint lacks the requisite "time, place, and content" of the alleged fraudulent activity. Moreover, the Complaint purportedly lumps together the three defendants rather than distinguishing between their particular roles and activity in the fraudulent scheme. This court disagrees.

#### 1. Time, Place, and Content of the Fraud Claims

Plaintiff is obligated to provide enough detail in its Complaint so as to allow defendant to "defend against the charge and not just deny [she has] done anything wrong." *Bly-Magee*, 236 F.3d at 1019. Plaintiff's Complaint satisfies this requirement. U.S. Bank alleges that Lili Brown operated and/or co-owned Kirby, Corr. Fourth Am. Compl., ¶ 8, that she "actively solicited individuals and small businesses to invest money" in Kirby and then directed and assisted those individuals and investors to "loan" Kirby money by charging fraudulent purchases of vacuum cleaners using credit cards, Corr. Fourth Am. Compl., ¶¶ 11-12. U.S. Bank further claims that Lili Brown directed many of those "investors" to reverse their fraudulent charges or have them charged back to Kirby. Corr. Fourth Am. Compl., ¶ 14. Lili Brown purportedly "used the mail service and wire communications to submit falsified credit card charges and information to

PAGE 4 - OPINION AND ORDER

obtain the chargebacks . . . ."  Corr. Fourth Am. Compl., ¶ 8.  U.S. Bank also attached to its Complaint a Chargeback Schedule detailing the name of each "investor," the date and amount of each fraudulent purchase, and the date of each fraudulent chargeback.  Corr. Fourth Am. Compl. Ex. 3.

Defendant may desire additional information than that which plaintiff provided.  However, U.S. Bank is not required to plead according to the specific requests of the defendant.  The court finds that the information provided by plaintiff in its Complaint, including the Chargeback Schedule attached to that Complaint, provide sufficient information from which defendant can "defend against the charge and not just deny [she has] done anything wrong."  *Bly-Magee*, 236 F.3d at 1019.

### 2.  Multiple Defendants

Plaintiff's Complaint states that most of the fraudulent activity in which Lili Brown engaged was also carried out with Mickey Brown and Franulovic.  Defendant argues that she was lumped together with a "shotgun" approach to liability and that U.S. Bank did not sufficiently delineate its claims among the multiple defendants.  Defendant correctly notes that the presence of multiple defendants in connection with an alleged fraudulent scheme requires, at a minimum, that the plaintiff "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).  U.S. Bank must "differentiate [its] allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  However, "participation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability . . . ."  *Beltz Travel Service, Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1367 (9th Cir. 1980).

The Ninth Circuit recently held that a plaintiff's complaint lacked particularity when it was found to be "shot through with general allegations that the 'defendants' engaged in fraudulent conduct but attribute[d] specific misconduct only to [two defendants]." *Swartz*, 476 F.3d at 765.  The other defendants were only alleged to have been "'active participants in the conspiracy without any stated factual basis." *Id*.  U.S. Bank's Complaint is distinguishable from that described in *Swartz*, as here the Complaint is littered with specific references to Lili Brown.  Rather than merely stating as a catch-all that Lili Brown was an "active participant," U.S. Bank alleges the factual basis of her role in each aspect of the fraudulent scheme.  Defendant's alleged role and activity in the fraudulent scheme is stated with sufficient particularity, regardless of the presence of other defendants involved in the same scheme, and engaged in similar acts.

### 3.  Acquisition or Maintenance of an Interest of an Enterprise

Defendant separately contends that U.S. Bank failed to allege, as required under the RICO statute, that "through a pattern of racketeering . . . [defendant] acquire[d] or maintain[ed], directly or indirectly, any interest in or control of any enterprise."  18 U.S.C. § 1962(b).  This court disagrees.

Plaintiff alleges that defendant "operated and controlled" Kirby "at all relevant times." Corr. Fourth Am. Compl., ¶ 6.  It also sets out in detail defendant's alleged fraudulent scheme, including a pattern of racketeering.   Corr. Fourth Am. Compl., ¶¶ 11-14.  That scheme, combined with plaintiff's conclusion that "Lili Brown . . . received income derived, directly or indirectly, from a pattern of racketeering activity which was used to acquire or maintain [her] interest[] in Kirby," provide a particularized account of the "acquired or maintained" element in its RICO claim.  Therefore, plaintiff's pleading of the "acquired or maintained" element under 18 U.S.C. § 1962(b) is stated with sufficient particularity under Rule 9(b).

Accordingly, the court finds that plaintiff's fraud and RICO claims are sufficiently particularized for purposes of satisfying Rule 9(b).

### B. Elements of Plaintiff's RICO Claim

Defendant moves to dismiss the RICO allegations against her based on plaintiff's failure to adequately plead the requisite mens rea of the alleged predicate crimes. In the Ninth Circuit, "RICO imposes no additional mens rea requirement beyond that found in the predicate crimes." *U.S. v. Blinder*, 10 F.3d 1468, 1477 (9th Cir. 1993) (citing *U.S. v. Biasucci*, 786 F.2d 504, 512 (2nd Cir. 1986)). Therefore, plaintiff is obligated to plead the intent requirement of each predicate crime it alleges. The allegations of bank fraud, wire fraud, and mail fraud, Corr. Fourth Am. Compl., ¶¶ 25(a)-(b), each require averments of specific intent.

Defendant argues that U.S. Bank's Complaint must satisfy heightened standards which the Ninth Circuit has specifically rejected. *In Re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1546 (9th Cir. 1994) (rejecting the Second Circuit's requirement that "fraud cases must plead facts giving rise to a 'strong inference of fraudulent intent.'"). Instead, the Ninth Circuit held that "plaintiffs may aver scienter generally, just as the rule states–that is, simply by saying that scienter existed." *Id*. at 1547. Although abrogated by statute as applied to securities fraud, 15 U.S.C. 78u-4(b)(2) (1998), its continued viability to other fraud claims has been reaffirmed, *See* Odom v. Microsoft Corp, No. 04-35468, 2007 WL 1297249, at *12 F.3d, (9th Cir. May 4, 2007). This lenient standard also comports with Rule 9(b) which states that for allegations of fraud, "[m]alice, intent, knowledge, and other condition of mind...may be averred generally."

Here, this court finds that plaintiff satisfies its burden of pleading intent for each of the predicate fraud crimes alleged in its Complaint. Plaintiff states in its Complaint that "Lili Brown formed this scheme to defraud U.S. Bank in an effort to obtain money by means of false or

PAGE 7 - OPINION AND ORDER

fraudulent pretenses and by using the mail or wire communications." Corr. Fourth Am. Compl., ¶ 25(b). Plaintiff alleges that Lili Brown intentionally used the mail and wire communications "in an effort to further [her] scheme of bank fraud . . . ." Corr. Fourth Am. Compl., ¶ 25(b). Plaintiff also states that "[the] actions and *intentional fraudulent conduct* by Lili Brown in violation of 18 USC § 1962 directly injured U.S. Bank's business . . . ." Corr. Fourth Am. Compl., ¶ 27 (emphasis added). Because these allegations include the specific intent required for plaintiff's predicate fraud claims, they satisfy the Ninth Circuit's lenient pleading standard for intent to defraud.

### C.      Rule 8(e) Alternative Pleading

Defendant argues that plaintiff failed to state a claim for fraud under Fed. R. Civ. P. 12(b)(6) because, under Oregon state law, defendant's alleged breach of contract precludes recovery in tort for plaintiff's fraud claim. However, Rule 8(e) specifically permits U.S. Bank to "state as many separate claims or defenses as the party has regardless of consistency." See *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1374 (9th Cir.1987). Indeed, plaintiff acknowledges that it would "withdraw its common-law fraud claim if [Lili] Brown concedes that she is subject to the terms of the Merchant Agreement." Pl.'s Reply at 9. A complaint that contains multiple inconsistent claims fits squarely into the language of Rule 8(e). Therefore, this court finds that plaintiff's two claims, even if inconsistent under Oregon state law, were properly pled contemporaneously.

### **CONCLUSION**

PAGE 8 - OPINION AND ORDER

The court finds that U.S. Bank met its burden of pleading each element of each cause of action alleged in its Complaint [144]. For the foregoing reasons, defendant's Motion to Dismiss [153] is DENIED.

IT IS SO ORDERED.

Dated this  1  day of June, 2007.


      /s/ ANCER L. HAGGERTY
ANCER L. HAGGERTY
United States District Judge